**The People of the State of Illinois, Defendant in Error, v. Thomas O'Donnell, Plaintiff in Error.**

## Gen. No. 26,154.

WEAPONS—*refusal to admit license in evidence in prosecution for carrying concealed weapon as reversible error.* Under section 4 of the Deadly Weapon Act, in force July 11, 1919 (Cahill's Ill. St. ch. 38, ¶ 137), providing for the issuance of a written license by the chief police officers in cities, and justices of the peace and police magistrates elsewhere in the State, to any citizen of the State to carry concealed a pistol or revolver, there is no requirement that the place of residence of the applicant for the license should be within the territorial jurisdiction of the justice or officer issuing

it, aside from the requirement that applicant be a citizen of the State.

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Reversed and remanded. Opinion filed December 21, 1921.

McDONNELL & McDONNELL, for plaintiff in error.

ROBERT E. CROWE and EDWARD E. WILSON, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The defendant, Thomas O'Donnell, was arrested near 61st Street and Cottage Grove avenue about 3:30 o'clock on the morning of December 8, 1919, by police officers of Chicago. They searched O'Donnell and took from him a 48-Colt revolver. An information, by leave of court, was filed against him on December 11, 1919, in which he was charged with unlawfully carrying a concealed weapon upon his person—one 38-caliber Colt blue steel revolver, in violation of section 4 of the Deadly Weapon Act in force and effect July 11, 1919 (Cahill's Ill. St. ch. 38, ¶ 137). There was a jury trial and a verdict finding defendant guilty in manner and form as charged in the information. The court sentenced him on the verdict to one year in the house of correction, to reverse which he has prosecuted this writ of error.

There is no dispute as to the facts in the case. The evidence shows that the police officers on the morning mentioned stopped the defendant and took from him the revolver. The defendant made no denial of this but contended that he was authorized to carry it by virtue of a license issued to him for that purpose by Fred Biesswanger, justice of the peace of the Town of Niles, Cook county, Illinois. On the trial this

license was offered in evidence but on objection by the State it was excluded by the trial judge. The jury then returned the verdict finding the defendant guilty and he was sentenced.

The defendant contends that the court erred in refusing to admit the license in evidence for the reason that the license was authorized by section 4 of the Deadly Weapon Act (Cahill's Ill. St. ch. 38, ¶ 137), being the same section mentioned in the information. There is no dispute but that the defendant resided at 5351 South Justine street, Chicago, and the People's position is that a license to carry a revolver in such case could only be issued by the Chief of Police of Chicago. Section 4 of the Act is as follows:

"It shall be unlawful for any person to carry concealed upon his person, any pistol, revolver or other firearm, without a written license therefor, issued as hereinafter prescribed in this section.

"It shall be the duty of chief police officers in cities, and of justices of the peace and police magistrates elsewhere in the State, upon written application therefor, and upon satisfactory proof of good moral character and that proper cause exists for the issuance thereof, to issue a license to any citizen of the State of Illinois to carry concealed a pistol or revolver.

"The application for a license shall be sworn to by the applicant and shall state the particular cause, reason or condition for such application and shall be accompanied by the affidavits of two reputable householders, residents of the county in which the application is made, which shall certify from personal knowledge to the good moral character of applicant and that they have investigated the particular cause, reason or condition assigned in the application and believe the same to be true and correct. The license so issued shall state the particular cause, reason or condition for its issuance and shall contain the names of the persons whose affidavits accompany the application.

"Any license issued in pursuance of the provisions of this section may be limited as to the period for

which issued and may be vacated and cancelled at any time for good cause by the chief police officer or the justice of the peace or police magistrate issuing the same. Conviction of a licensee for a felony shall operate as a revocation of any such license.''

There is no contention that the license offered did not conform to the statute except that a justice of the peace of the Town of Niles was not authorized to issue a license to a resident of Chicago. To determine this question, of course, requires a construction of the section quoted. Neither side has attempted to cite any authorities from this or any other jurisdiction that would tend to throw any light on the question under consideration. The statute makes it the duty of chief police officers in cities and justices of the peace and police magistrates elsewhere in the State upon proper application and proof of good moral character to issue a license ''to any citizen of the State of Illinois to carry concealed a pistol or revolver.'' There is nothing in the act that limits the place of residence of the applicant for a license to the territorial jurisdiction of the officer to whom the application is made, or to any particular city or other locality in the State. The only qualification required is that the applicant shall be a citizen of the State of Illinois. In determining the meaning of the act the intention of the lawmakers as gathered from the act itself is the law. We cannot read anything into the act which is not there. There being no limitation of the place of residence of the person applying for the license except that he be a resident of the State of Illinois, we are constrained to hold that the court erred in refusing to admit the license in evidence. The judgment of the municipal court of Chicago will, therefore, be reversed and the cause remanded.

*Reversed and remanded.*

THOMSON and TAYLOR, JJ., concur.